UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN GRACE STOKES, individually
on behalf of herself and all others
similarly situated

        Plaintiff,

v.    Case No:   2:14-cv-322-FtM-38CM

SENSA PRODUCTS, LLC and
DOES 1-10,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on review of the Complaint (Doc. 1) filed on June 10, 2014. Plaintiff Susan Stokes brings this case against Defendants Sensa Products, LLC and Does 1-10 based on diversity jurisdiction. Stokes styles her Complaint as a class action complaint. Claims properly brought in federal court pursuant to diversity jurisdiction contain matters where the parties are completely diverse with regard to citizenship and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Also, class actions must contain an amount in controversy of at least $5,000,000, exclusive of interest and costs. Pretka v. Kolter City

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Plaza II, Inc., 608 F.3d 744, 749 (11th Cir. 2010). In an action filed directly in federal court, the plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

Here, Stokes fails to properly indicate her citizenship. Instead, Stokes relies on her residence alone rather than her domicile to indicate her citizenship. (Doc. 1, at ¶3). An individual is a citizen for diversity purposes where she is domiciled and not necessarily where she is a resident. Domicile is the place of an individual's true, fixed, and permanent home and to which she has the intention of returning whenever she is absent therefrom. See e.g, Arrol v. Heron, No. 2:10-cv-655-FtM-29DNF, 2011 WL 672417, at *1 (M.D. Fla. Feb. 17, 2011). Here, Stokes fails to disclose her domicile.

Stokes also fails to properly indicate Defendant Sensa Products, LLC's citizenship. Instead, Plaintiff simply states Sensa Products is a Delaware limited liability company with its principal place of business and headquarters in California. (Doc. 1, at ¶4). A limited liability company (hereinafter "LLC") is a citizen of every state in which one of its members is a citizen. Moreno v. Breitburn Florida, LLC, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124 at *1 (M.D. Fla. June 9, 2011) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020 (11th Cir. 2004)). Each member of the LLC must be diverse from the plaintiff in this case. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) ("Since Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435, this Court has read the statutory formulation 'between … citizens of different States,' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants."); see also Lewis v Seneff, No. 6:07-cv-1245-Orl-22DAB, 2008 WL 3200273, at *2 (M.D. Fla. Aug. 5, 2008) (explaining that if any of the LLC members were Florida citizens then complete diversity

jurisdiction would be destroyed). Here, Stokes fails to disclose the citizenship of the LLC members. Since the Complaint does not properly indicate the Parties' citizenship the Court finds it is without authority to facilitate this case at this time.

In addition, the Eleventh Circuit has made it clear that courts are obligated to assure itself that the case involves the requisite amount in controversy when jurisdiction is based on diversity. Morrison, 228 F.3d at 1261 (citing Laughlin v. Kmart Corp., 50 F.3d 871, 873-74 (10th Cir. 1995)); Meritcare, Inc. v. St. Paul Mercury, Ins., Co., 166 F.3d 214, 218 (3d Cir. 1999) ("[I]f it develops that the requisite amount in controversy was never present, even if that fact is not established until the case is on appeal, the judgment of the District Court cannot stand."). Here, Stokes asserts the amount in controversy exceeds $5,000,000, exclusive of interest and costs because Stokes asserts this matter is a class action. (Doc. 1, at ¶7). At this early stage of litigation, there is no class. Moreover, the Court is uncertain if Stokes' claim singularly satisfies the requisite amount in controversy. Morrison, 228 F.3d at 1262 ("Generally, if no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction."); see generally Elkins v. Equitable Life Ins. of Iowa, No. CivA96-296-Civ-T-17B, 1998 WL 133741, at *24 (M.D. Fla. Jan. 27, 1998). Stokes simply states she spent approximately $5,000 on Sensa Products. (Doc. 1, at ¶3). This is not enough to satisfy the necessary amount in controversy. At this stage, the Court is not satisfied that the requisite amount in controversy is satisfied for diversity jurisdiction purposes.

As an aside, the Complaint uses such broad and generic terms that it is unclear to the Court whether the Fort Myers Division let alone the Middle District of Florida is the proper Court for this case. (See e.g., Doc. 1, at ¶¶8-9).

Accordingly, it is now

**ORDERED:**

Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint no later than **June 27, 2014** properly alleging this Court's jurisdiction, otherwise, this matter will be dismissed and closed without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of June, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record